IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD SEARS,
    Plaintiff

    v.

VINCENT MOONEY, et al.,
    Defendants

No. 1:17-cv-00050

(Judge Kane)

## MEMORANDUM

Pending before the Court is Plaintiff's motion to compel discovery (Doc. No. 37), motion for leave to amend motion to compel discovery (Doc. No. 42), amended motion for leave to amend motion to compel discovery (Doc. No. 44), amended motion to compel discovery (Doc. No. 46), and motion to compel discovery to Plaintiff's amended second set of interrogatories and requests for documents (Doc. No. 51). Defendants have filed a brief in opposition to Plaintiff's motions. (Doc. Nos. 41, 49.)

### I. BACKGROUND

On January 9, 2017, Plaintiff, an inmate currently incarcerated at the State Correctional Institution at Albion, Pennsylvania ("SCI-Albion"), filed a civil complaint pursuant to 42 U.S.C. § 1983 against, inter alia, the Chief Grievance Coordinator of the Department of Corrections, the Superintendent of the State Correctional Institution at Coal Township ("SCI-Coal"), the Facility Grievance Coordinator at SCI-Coal, and several correctional officers employed at SCI-Coal. (Doc. No. 1.) Plaintiff raises multiple claims relating to the conditions of his confinement while confined at SCI-Coal. (Id.)

On September 25, 2017, Plaintiff filed an amended complaint (Doc. No. 33), which is the operative document in this proceeding. Defendants filed an answer to the amended complaint on September 10, 2017. (Doc. No. 34.) On February 9, 2018, Plaintiff filed a motion to compel

1

Defendants to answer "fully" a number of interrogatories and to produce a number of documents. (Doc. Nos. 37-39.) On February 21, 2018, Defendants filed a brief in opposition to Plaintiff's motion to compel discovery, maintaining that the motion should be denied as moot because Defendants have answered Plaintiff's discovery requests. (Doc. No. 41.) Alternatively, Defendants argue that they have appropriately objected to certain discovery requests. (Id.)

On March 13, 2018, Plaintiff filed a motion for leave to amend his motion to compel discovery. (Doc. No. 42.) In support of the motion, Plaintiff provides that he did not attach Defendants' responses to his discovery to his original motion to compel, and therefore, seeks leave to amend his motion to compel to attach Defendants' discovery responses. (Id.) On March 19, 2018, Plaintiff filed an amended motion for leave to amend his motion to compel, again providing that he failed to attach Defendants' discovery responses to his motion. (Doc. No. 44.) Simultaneously filed with his amended motion for leave to amend his motion to compel, Plaintiff filed his amended motion to compel, attaching Defendants' responses to his discovery requests. (Doc. Nos. 46-48.) Upon reviewing the amended motion to compel (Doc. No. 46), the only differences between it and Plaintiff's original motion to compel (Doc. No. 37), are the attached Defendants' responses to Plaintiff's discovery requests and a reply to Defendants' brief in opposition. (Doc. No. 46.) Accordingly, the Court will deny Plaintiff's original motion to compel discovery (Doc. No. 37), and original motion for leave to amend his motion to compel discovery (Doc. No. 42), as moot, and grant Plaintiff's amended motion for leave to amend his motion to compel (Doc. No. 44). The Court now turns to Plaintiff's amended motion to compel discovery and motion to compel discovery to Plaintiff's amended second set of interrogatories and production of documents. (Doc. Nos. 46-48, 50.)

## II.     LEGAL STANDARD

A party who has received evasive or incomplete discovery responses may seek a court order compelling disclosures or discovery of the materials sought. Fed. R. Civ. P. 37(a). "The moving party must demonstrate the relevance of the information sought to a particular claim or defense." Montanez v. Tritt, Civ. No. 14-1362, 2016 WL 3035310, at *2 (M.D. Pa. May 26, 2016). "The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper." Id. (citing Goodman v. Wagner, 553 F. Supp. 255, 258 (E.D. Pa. 1982).

It is well-established that rulings concerning the proper scope of discovery and the extent to which discovery may be compelled are within the Court's discretion. See Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). The court's decision regarding the conduct of discovery, including whether to compel disclosure, will only be disturbed on a showing of an abuse of discretion. See Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983).

Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Rule 26(b)(1) provides for a broad scope of discovery. As a consequence, courts often - and appropriately - apply liberal treatment to discovery rules. See, e.g., Clements v. N.Y. Cent. Mut. Fire Ins. Co., 300 F.R.D. 225, 226 (M.D. Pa. 2014) (citing Great W. Life Assurance Co. v. Levithan, 152 F.R.D. 494, 497 (E.D. Pa. 1994)). Nonetheless, a "valid claim[] of relevance or privilege" operates to restrict a court's otherwise broad discretion under Rule 26(b)(1). McConnell v. Canadian Pac. Realty Co., 280 F.R.D. 188, 192-93 (M.D. Pa. 2011).

## III. DISCUSSION

In the instant amended motion to compel discovery (Doc. No. 46), Plaintiff sets forth sixteen (16) interrogatories and nine (9) requests for production of documents that he claims are relevant and necessary for the litigation of his case. (Doc. No. 46.) Specifically, Plaintiff seeks an order to compel Defendants to "answer fully" interrogatory numbers 1, 2, 3, 6, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 19, and 20. (Id. at 1.) Plaintiff also seeks an order compelling Defendants to produce nine (9) separate items in his document request. (Id. at 2.) Plaintiff's motion to compel responses to his amended second set of interrogatories and production of documents seeks an order compelling Defendants to respond more fully to discovery requests numbers 21-25. (Doc. No. 50). Defendants provide that Plaintiff's motions are now moot because they have subsequently supplemented their responses and have provided Plaintiff with 915 pages of responsive documents (Doc. No. 41), and that they will be further supplementing their responses once a signed verification is returned to counsel. (Doc. No. 49.)

Having fully reviewed Plaintiff's interrogatories and requests for production of documents, and Defendants' answers and productions thereto, it appears that the majority of Plaintiff's objections to Defendants' answers and production of documents are his mere dissatisfaction with Defendants' responses. However, given Defendants' contention that Plaintiff's motion is moot because they have subsequently answered each request and provided responsive documents to the requests, and are in the process of providing Plaintiff with additional supplemental responses (Doc. Nos. 41, 49), the Court will deny Plaintiff's motions as moot. Should Plaintiff contest that his motions have been rendered moot by Defendants' subsequent answers and document production, he will be afforded an opportunity to refile his

motions to compel. However, he is cautioned that should he refile his motions to compel, he must demonstrate the relevance of the information sought as to each defendant and claim. See Montanez, 2016 WL 3035310, at *2. Moreover, to the extent that a discovery dispute remains, the Court strongly encourages the parties to attempt to facilitate a resolution of the same prior to filing additional motions to compel.

IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion to compel discovery (Doc. No. 37), and motion for leave to amend his motion to compel discovery (Doc. No. 42), will be denied as moot. Plaintiff's amended motion for leave to amend his motion to compel (Doc. No. 44), will be granted. Plaintiff's amended motion to compel discovery (Doc. No. 46) and motion to compel discovery to Plaintiff's amended second set of interrogatories and production of documents (Doc. No. 50), will be denied as moot. An appropriate Order follows.