# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD SEARS,<br>　　　Plaintiff<br><br>　　v.<br><br>VINCENT MOONEY, et al.,<br>　　　Defendants | No. 1:17-cv-00050<br><br>(Judge Kane) |

## MEMORANDUM

Before the Court are multiple discovery-related motions filed by Plaintiff Richard Sears ("Plaintiff"): motion to exclude alleged evidence of cell history (Doc. No. 56); motion for leave to supplement Plaintiff's motion to exclude alleged evidence of cell history (Doc. No. 58); supplemental motion to exclude alleged evidence of cell history (Doc. No. 60); motion for Rule 11 sanctions (Doc. No. 64); motion to compel discovery (Doc. No. 69); motion for an extension of time to complete discovery (Doc. No. 71); and motions to appoint counsel (Doc. Nos. 73, 75). Defendants have filed a motion for an extension of the dispositive motion deadline. (Doc. No. 63.) Having been briefed, the aforementioned motions are ripe for disposition.

## I.     BACKGROUND

On January 9, 2017, Plaintiff, an inmate currently incarcerated at the State Correctional Institution at Albion, Pennsylvania ("SCI-Albion"), initiated the above-captioned action by filing a civil complaint in this Court pursuant to 42 U.S.C. § 1983 against, inter alia: the Chief Grievance Coordinator of the Department of Corrections; the Superintendent of the State Correctional Institution at Coal Township ("SCI-Coal"); the Facility Grievance Coordinator at SCI-Coal; and several correctional officers employed at SCI-Coal. (Doc. No. 1.) Plaintiff raises multiple claims relating to the conditions of his confinement while he was confined at SCI-Coal.

(Id.)  On January 10, 2017, the Court issued a Standing Practice Order informing the parties of their briefing deadlines and other responsibilities.  (Doc. No. 5.)

On September 25, 2017, Plaintiff filed an amended complaint (Doc. No. 33), which is the operative complaint in this proceeding.  Defendants filed an answer to the amended complaint on September 10, 2017.  (Doc. No. 34.)  Plaintiff subsequently filed a motion to compel discovery, followed by various amended motions to compel.  (Doc. Nos. 37, 42, 46, 50.)  On April 13, 2018, upon consideration of the various discovery motions, along with supporting and oppositional briefs, the Court denied Plaintiff's motion to compel discovery as moot and advised both parties that to the extent a discovery dispute remained, the parties should attempt to resolve any such dispute prior to filing additional motions with the Court.  (Doc. No. 55.)

Evidently, the parties have been unable to resolve certain discovery issues, as Plaintiff has filed six discovery-related motions.  (Doc. Nos. 56, 58, 60, 64, 69, 71.)  Three of Plaintiff's motions seek the Court's exclusion of evidence of Plaintiff's cell placement on certain dates given Plaintiff's contention that Defendants' discovery responses are contradictory on this matter.  (Doc. Nos. 56, 58, 60.)  Additionally, because of these purported contradictions, Plaintiff requests that the Court sanction Defendants pursuant to Federal Rule of Civil Procedure 11 for presenting false information to the Court as to the date on which Plaintiff was placed in a certain cell.  (Doc. No. 64.)  In addition, Plaintiff has filed a motion to compel discovery (Doc. No. 69), a motion for an extension of time to complete discovery (Doc. No. 71), and two motions to appoint counsel (Doc. Nos. 73, 75).  Defendants have filed a motion for an extension of the dispositive motions deadline (Doc. No. 63), and do not object to the extension of the discovery deadline (Doc. No. 72).

## II.     DISCUSSION

### A.     Request to Exclude Cell History and Motion for Sanctions

Federal Civil Procedure Rule 11 imposes an affirmative duty on any party who signs a document and submits it to the Court to conduct a reasonable inquiry into the facts and relevant law before filing the document. Fed. R. Civ. P. 11(c)(2); Bradgate Assoc., Inc. v. Fellows, Read & Assoc., Inc., 999 F.2d 745, 751 (3d Cir. 1993). The Rule 11 test is an "objective one of reasonableness," which seeks to discourage pleadings lacking a factual foundation, even though not filed in subjective bad faith. Lony v. E.I. Du Pont De Nemours & Co., 935 F.2d 604, 616 (3d Cir. 1993). Rule 11 is also designed to ensure that pleadings are not used for improper purposes, such as "harassment, delay, or needless increase in litigation expense." Id. at 616; Lieb v. Topstone Indus., 788 F.2d 151, 157 (3d Cir. 1986).

When reviewing the sufficiency of a party's investigation of facts and law prior to a pleading being filed, the Court "is expected to avoid the wisdom of hindsight and should test the signer's conduct by [asking] what was reasonable to believe at the time the pleading, motion, or other paper was submitted." CTC Imports & Exports v. Nigerian Petroleum Corp., 951 F.2d 573, 578 (3d Cir. 1991). The first step in a court's Rule 11 analysis is to determine whether the party seeking sanctions complied with the safe harbor provision of Rule 11(c)(2).[1] Under that provision, the movant must first present its Rule 11 motion to the offending party, and allow twenty-one days for the offending party to withdraw or correct its pleading before filing it with the Court. Fed. R. Civ. P. 11(c)(2); see also In re Schaeder Salt Recovery, Inc., 542 F.3d 90, 99 (3d Cir. 2008).

---

[1] Prior to the 1993 amendment, the text of Rule 11 did not specifically require notice and an opportunity to be heard before a court sanctioned a party or attorney. With the amendment, the rule now explicitly requires notice and a reasonable opportunity to respond, in addition to providing an explicit 21-day safe harbor provision.

If after providing notice and a reasonable opportunity to respond, a court determines that Rule 11 has been violated, "the [C]ourt may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). In evaluating a Rule 11 motion for sanctions, a district court must determine whether the attorney's conduct was objectively reasonable under the circumstances. See Ario v. Underwriting Members of Syndicate 53 at Lloyds for the 1998 Year of Account, 618 F.3d 277, 297 (3d Cir. 2010). Sanctions under Rule 11 are to be applied only in the "exceptional circumstance[,]" Doering v. Union Cty. Bd. of Chosen Freeholders, 857 F.2d 191, 194 (3d Cir. 1988), and the imposition of sanctions for a Rule 11 violation "is discretionary rather than mandatory." Grider v. Keysone Health Plan Cent., Inc., 580 F.3d 119, 146 n.28 (3d Cir. 2009).

Plaintiff requests that the Court impose "appropriate" sanctions against Defendants for allegedly misrepresenting to the Court that Plaintiff was placed in the Restrictive Housing Unit ("RHU") on June 10, 2014, rather than on June 9, 2014. (Doc. No. 64 at 2.) Plaintiff alleges that despite Defendant Hoistend's response to interrogatory number one, wherein he stated that Plaintiff was placed in the RHU on June 9, 2014, and a misconduct report dated June 9, 2014, indicating that Plaintiff was placed in the RHU on June 9, 2014, Plaintiff maintains that Defendants have provided that Plaintiff was not placed in the RHU until June 10, 2014. (Id.)

Defendants respond by acknowledging that Plaintiff had served discovery requests upon them pertaining to the date he was moved into the RHU. (Doc. No. 66 at 2.) Defendants maintain that in their initial response to Plaintiff's discovery, they provided that Plaintiff was not moved into the RHU until June 10, 2014, as opposed to June 9, 2014. (Id. at 3.) However, Defendants reason that this response was based on information obtained from Plaintiff's cell history document. (Id.) Accordingly, Defendants objected to Plaintiff's discovery request

4

related to June 9, 2014. (Id.) Defendants maintain, however, that once they were made aware that the misconduct report reflected that Plaintiff was moved to the RHU on June 9, 2014, instead of the information that was reflected in his cell history document, and that because the misconduct was written contemporaneously with Plaintiff being placed in the RHU and that the information contained in the misconduct report controls as having the correct date, Defendants revised their interrogatory responses and provided Plaintiff with the information he had requested regarding June 9, 2014. (Id.)

Based on the foregoing, the Court does not find that sanctions are warranted. The Court concludes that at the time of responding to Plaintiff's requests, Defendants relied on the June 10, 2014 date as supported by Plaintiff's cell history. (Id. at 3, 4.) Because Defendants provide that once they were made aware of the discrepancy between information contained in the cell history and the misconduct report, they amended their responses and provided Plaintiff with the requested information, the Court cannot conclude that sanctions are warranted. Therefore, Plaintiff's motion for sanctions will be denied.[2]

### B. Motion to Compel Discovery

This Court issued its Standing Practice Order in this case, informing the parties of their responsibilities as litigants, including their obligations concerning discovery and dispositive motions deadlines. (Doc. No. 5.) Specifically, the Order provides that all discovery proceedings shall be completed "within six (6) months of the date of the last pleading filed by that party." (Id. at 7.) Defendants filed their answer to the amended complaint on October 10, 2017 (Doc.

---

[2] In his motions to exclude his cell history (Doc. Nos. 56, 58, 60), Plaintiff requests that the Court preclude evidence that he was placed in the RHU on June 10, 2014, rather than June 9, 2014. (Id.) The Court will deny these motions at this time as improvidently filed and premature, as they would be more appropriately considered as a motion in limine if this matter were to proceed to trial. If this matter proceeds to trial, Plaintiff may refile these motions.

5

No. 34); therefore, discovery concluded on April 10, 2018. Plaintiff filed the instant motion to compel discovery on June 13, 2018 (Doc. No. 69), and then filed a motion for an extension of time to complete discovery on June 22, 2018 (Doc. No. 71). Defendants have filed a motion to extend the dispositive motion deadline (Doc. No. 63), and do not object to an extension of the discovery deadline, as well (Doc. No. 72).

A party who has received evasive or incomplete discovery responses may seek a court order compelling disclosures or discovery of the materials sought. Fed. R. Civ. P. 37(a). "The moving party must demonstrate the relevance of the information sought to a particular claim or defense." Montanez v. Tritt, Civ. No. 14-1362, 2016 WL 3035310, at *2 (M.D. Pa. May 26, 2016). "The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper." Id. (citing Goodman v. Wagner, 553 F. Supp. 255, 258 (E.D. Pa. 1982)).

It is well-established that rulings concerning the proper scope of discovery and the extent to which discovery may be compelled are within the Court's discretion. See Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). The Court's decision regarding the conduct of discovery, including whether to compel disclosure, will be disturbed only upon a showing of an abuse of discretion. See Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983).

Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Rule 26(b)(1) provides for a broad scope of discovery. As a consequence, courts often – and appropriately – apply liberal

treatment to discovery rules.  See, e.g., Clements v. N.Y. Cent. Mut. Fire Ins. Co., 300 F.R.D. 225, 226 (M.D. Pa. 2014) (citing Great W. Life Assurance Co. v. Levithan, 152 F.R.D. 494, 497 (E.D. Pa. 1994)).  Nonetheless, a "valid claim[] of relevance or privilege" operates to restrict a court's otherwise broad discretion under Rule 26(b)(1).  McConnell v. Canadian Pac. Realty Co., 280 F.R.D. 188, 192-93 (M.D. Pa. 2011).

In support of his motion to compel discovery, Plaintiff avers that on April 5, 2018, he sent requests to Defendants that he be allowed to enter SCI-Coal, where the alleged incidents central to the complaint took place, so as to inspect it, photograph it, and obtain additional documents.  (Doc. No. 69 at 2.)  Plaintiff also alleges that on April 20, 2018, he served Defendants with his request to conduct telephone interviews of incarcerated trial witnesses.  (Id. at 3.)  Plaintiff appears to renew his previous motions to compel discovery through the instant motion to compel.  (Id. at 8.)  Defendants respond by noting that both the discovery and dipositive motion deadlines have passed (Doc. No. 72), and that because the discovery deadline has passed prior to their receipt of Plaintiff's most current discovery requests, Defendants did not provide full responses to the requests but that if the Court were to grant Plaintiff's motion for an extension of the discovery deadline, Defendants will respond fully to each of Plaintiff's requests (Id.).  As to the three requests Plaintiff made prior to his filing the instant motion to compel, Defendants respond as follows.

Regarding Plaintiff's request to interview inmates in other institutions telephonically (Doc. No. 69 at 22), Defendants argue that the Department of Corrections ("DOC") generally prohibits inmates from communicating with inmates in other institutions due to security concerns, and that a telephonic interview is not a proper discovery request.  (Doc. No. 72 at 4.) Courts presented with similar requests have acknowledged the DOC's security concerns and

7

general prohibition of inmates contacting other inmates without obtaining certain approval. See Belle v. Crawford, Civ. No. 91-8013, 1993 WL 59291, at *6 (E.D. Pa. Mar. 8, 1993). The Court notes that Federal Rule of Civil Procedure 30(b)(4) provides that by stipulation or court order, a deposition may be taken by telephone or other remote means. Fed. R. Civ. P. 30(b)(4).

However, absent a stipulation between the parties, the Court notes that such a method of communication between inmates is generally prohibited by the DOC and may not be viable in the case at bar. See Belle, 1993 WL 59291, at *6. However, the Federal Rules of Civil Procedure provide for, inter alia, Plaintiff to obtain leave of court to depose the requested individuals either by oral examination under Rule 30, or by written questions pursuant to Rule 31. Plaintiff, though, would be responsible for his discovery expenses, including the costs associated with the taking of a deposition. See Augustin v. New Century TRS Holding, Inc., No. 08-326, 2008 WL 5114268 (W.D. Pa. Nov. 25, 2008). In this regard, the Court notes that under Rule 30, "rulings on inmate requests to conduct oral deposition rest in the sound discretion of the Court." Williams v. Gavins, No. 1:13-cv-387, 2014 WL 4185652, at *3 (M.D. Pa. Aug. 21, 2014). However, that discretion "is guided by a basic recognition of the security and logistical difficulties that such depositions present." Id. (citing McKeithan v. Jones, 212 F. App'x 129 (3d Cir. 2007)). Accordingly, written depositions taken pursuant to Rule 31 are often viewed as preferable for inmates. Id.

Here, Plaintiff seeks to "interview" a number of inmates for "trial preparation purposes." (Doc. No. 69 at 22.) However, Plaintiff does not indicate what discoverable information the proposed "interviewees" or deponents might have. See Belle, 1993 WL 59291, at *7 (denying motion to depose various individuals and providing that "in future requests to the court, [plaintiff] should set forth more specifically the necessity of deposing particular individuals,

what discoverable information he anticipates they can provide, and why the information is unobtainable from other sources"); see also Krupp v. City of St. Louis Justice Ctr., No. 4:07-cv-883,2007 WL 4233558, at *1 (E.D. Mo. Nov. 28, 2007) (denying prisoner's motion for leave to depose other inmates because "[p]laintiff has not told the Court why he needs to depose the inmates. Without this information, the Court is unable to determine if the inmate's testimony will be probative or unreasonably cumulative and duplicative"). Consequently, Plaintiff's request to interview inmates in other institutions telephonically will be denied. However, as set forth above, the parties may stipulate to a certain form of discovery as it relates to these individuals under Rule 30(b)(4), or Plaintiff may file a request to depose pursuant to Rules 30 or 31 of the Federal Rules of Civil Procedure.

Next, Defendants state that Plaintiff argues that although he received revised discovery responses from Defendants, he has not been provided with related documents. (Doc. No. 72 at 4.) Defendants assert that in June 2017, responsive documents (bates stamped as DEF000001-DEF000915) were forwarded to the Superintendent's Assistant at Plaintiff's institution in accordance with the institutional requirements, and that Plaintiff was directed to submit a request to meet with staff to inspect the documents. (Id.) Defendants further provide that Plaintiff has not indicated that he has submitted any requests to staff to request an opportunity to review the documents, but that he can do so at any time. (Id.) With the present record and arguments submitted by both parties, it is unclear to the Court whether bates stamped documents DEF000001-DEF000915 are the documents Plaintiff asserts have not been produced, or if other documents are at issue. (Doc. No. 74 at 2.) Accordingly, at this juncture, the Court will defer ruling on this issue, enlarge the discovery and dispositive motions periods, and allow the parties

either to resolve any further discovery dispute related to these documents or file an appropriate motion to compel.

Lastly, Plaintiff requests a site inspection of SCI-Coal, where the events set forth in the amended complaint allegedly occurred. (Doc. No. 69.) Defendants argue that Plaintiff is currently incarcerated at SCI-Albion, and object to transferring Plaintiff out of his home institution for purposes of visiting SCI-Coal. (Doc. No. 72 at 5.) Defendants also object to producing photographs of the requested areas of SCI-Coal, citing safety and security concerns. (Id. at 6.) Defendants suggest that, to the extent that such items are relevant, Plaintiff can testify to the physical aspects of the institution. (Id.) In Plaintiff's reply, he concedes that transferring him to SCI-Coal for a site inspection may not be appropriate, but disagrees that being provided with photographs of specific areas of SCI-Coal would present a safety or security concern. (Doc. No. 74 at 4.)

The Court agrees with Defendants that providing Plaintiff with photographs of various areas of a correctional institution raises safety and security concerns. In Paluch v. Dawson, No. 1:cv-06-01751, 2007 WL 4375937, at *2-3 (M.D. Pa. Dec. 12, 2007), the district court denied the plaintiff's motion to compel the defendants to produce maps, drawings, sketches, photographs, motion pictures, videotapes, and similar documents of the RHU at a correctional institution. Plaintiff sought such photographs for "trial in order to show the jury the crime scene." Id. at *2. The Court provided that such documents reveal privileged and confidential information which, "if released, may jeopardize the safety and security within the institution" and denied the motion. Id. at *2. Here, the Court similarly concludes that Defendants' concerns are valid, and in the interests of prison safety and security, will deny Plaintiff's motion to compel the production of such photographs.

### C. Motions to Extend Discovery and Dispositive Motions Deadlines

As noted above, Plaintiff seeks an extension of the discovery deadline, which Defendants do not oppose (Doc. Nos. 71, 72), and Defendants seek an extension of the dispositive motions deadline (Doc. No. 63). Because there appears to remain unresolved discovery issues among the parties, the Court will grant the motions to extend both the discovery and dispositive motions deadlines as follows. The discovery deadline will be extended to November 30, 2018 and the dispositive motion deadline will be extended to December 31, 2018. The Court again admonishes both parties to attempt to facilitate any unresolved discovery dispute amongst themselves. To the extent the parties are unable to facilitate a resolution, a proper and concise motion to compel may be filed.

### D. Plaintiff's Motions to Appoint Counsel

It appears that Plaintiff has also filed two motions to appoint counsel. (Doc. Nos. 73, 75.) However, upon review of Document Number 75, it is evident that this motion was inadvertently docketed by the Clerk of Court in this instant matter, when it should have been docketed in a separate civil action brought by Plaintiff in Civil Action No. 1:17-cv-0869. Accordingly, the Court will direct the Clerk of Court to strike Document Number 75 from this action, and file and docket Document Number 75 in Civil Action No. 1:17-cv-0869.

In support of Plaintiff's motion to appoint counsel (Doc. No. 73), Plaintiff provides that: he has been unable to secure counsel on his own; given the discovery disputes in this action, counsel would be better suited to obtain discovery documents and secure discovery related evidence; counsel would be better equipped to examine and cross examine witnesses; and Plaintiff has a limited knowledge of the law and court rules, as well as limited access to the prison law library. (Id.) Although prisoners have no constitutional or statutory right to the

11

appointment of counsel in civil cases, district courts have broad discretionary power to appoint counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1). Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002). In Tabron v. Grace, the Third Circuit developed a non-exhaustive list of factors to aid district courts in determining whether to appoint counsel for such litigants. Tabron v. Grace, 6 F.3d 147, 155-57 (3d Cir. 1993). Such factors include the plaintiff's ability to present his case, the complexity of the legal and discovery issues in the case, the amount of factual investigation that will be required, the necessity of expert witnesses, and whether "witness credibility is a key issue." Id. Additionally, "[a]s a threshold matter, a district court must assess whether the claimant's case has some arguable merit in fact and law." Montgomery, 294 F.3d at 498-99 (citing Tabron, 6 F.3d at 155). Finally, "[t]he plaintiff's ability to present a case is '[p]erhaps the most significant' consideration and depends on factors such as 'the plaintiff's education, literacy, prior work experience, and prior litigation experience . . . along with a plaintiff's ability to understand English . . . [and] the restraints placed upon a prisoner plaintiff by confinement.'" Nunuez v. Wetz, Civ. No. 14-cv-0727, 2017 WL 4698092, at *1 (M.D. Pa. Oct. 19, 2017) (citing Montgomery, 294 F.3d at 501).

The Court concludes that the Tabron factors do not warrant appointing counsel at this time. Plaintiff has the apparent ability to read, write, and understand English, as well as the ability to litigate this action pro se, as he has filed an amended complaint, numerous discovery motions, and comprehensive supporting briefs, and a motion to appoint counsel. While Plaintiff urges the Court to appoint counsel because of his perceived difficulty in obtaining discovery from the institution from which he was transferred, the Court notes that Plaintiff appears to be actively and effectively pursuing discovery and has demonstrated the ability to investigate, prepare, and present comprehensible arguments to the Court. Plaintiff has access to the prison

law library. (Doc. No. 73 at 6.) Moreover, the legal issues in this case are not complex, and this Court's duty to construe pro se pleadings liberally, Riley v. Jeffes, 77 F.2d 143, 147-48 (3d Cir. 1985), coupled with Plaintiff's apparent ability to litigate this action, militate against the appointment of counsel at this time. Accordingly, the Court declines to appoint counsel for Plaintiff, however, in the event that future proceedings demonstrate the need for counsel, the Court may reconsider this matter either sua sponte or upon a motion properly filed by Plaintiff.

## III. CONCLUSION

For the foregoing reasons, the Court will deny Plaintiff's motions to exclude alleged evidence of cell history (Doc. Nos. 56, 58, 60), as improvidently filed and premature, grant Defendants' motion for an extension of the dispositive motions deadline (Doc. No. 63), deny Plaintiff's motion for Rule 11 sanctions (Doc. No. 64), deny Plaintiff's motion to compel discovery (Doc. No. 69), without prejudice, grant Plaintiff's motion for an extension of the discovery deadline (Doc. No. 71), direct the Clerk of Court to strike Document Number 75 from the record and file and docket it in Civil Action No. 1:17-cv-0869, and deny Plaintiff's motion to appoint counsel (Doc. No. 73), without prejudice. An appropriate Order follows.