# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD SEARS, | : | Civil No. 1:17-CV-50 |
| Plaintiff | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| VINCENT MOONEY, et al., | : | |
| Defendants | : | |

# MEMORANDUM ORDER

## I. Statement of Fact and of The Case

This is a *pro se* civil rights lawsuit brought by the plaintiff, Richard Sears, a state prisoner. There is a motion for summary judgment pending in this case. (Doc. 84.) Citing alleged delays in the receipt of this motion through the U.S. mails, Sears has now moved to strike this motion for summary judgment in its entirety. (Doc. 92.) This motion to strike is fully briefed and is, therefore, ripe for resolution.

For the reasons set forth below, the motion to strike will be denied.

## II. Discussion

Rule 12(f) of the Federal Rules of Civil Procedure generally governs motions to strike pleadings and provides, in part, that:

1

> (f) Motion to Strike. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Fed. R.Civ. P. 12(f).

While rulings on motions to strike rest in the sound discretion of the court, Von Bulow v. Von Bulow, 657 F.Supp. 1134, 1146 (S.D.N.Y. 1987), that discretion is guided by certain basic principles. Because striking a pleading is viewed as a drastic remedy, such motions are "generally disfavored." Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057 (C.A.La., 1982). As one court has aptly observed: "striking a party's pleadings is an extreme measure, and, as a result, . . . '[m]otions to strike under Fed .R.Civ.P. 12(f) are viewed with disfavor and are infrequently granted.' Lunsford v. United States, 570 F.2d 221, 229 (8th Cir.1977) (citing 5 Wright & Miller, Federal Practice and Procedure. Civil § 1380 at 783 (1969)). See also, Resolution Trust Corp. v. Gibson, 829 F.Supp. 1103, 1106 (W.D.Mo.1993); 2 James Wm. Moore et al., Moore's Federal Practice § 12.37[1] (3d ed. 2000)." Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000). In practice, courts should exercise this discretion and strike pleadings only when those pleadings are both "redundant, immaterial, impertinent, or scandalous" and prejudicial to the opposing party. Ruby v. Davis Foods, Inc., 269 F.3d 818, 820 (7th Cir. 2001).

Moreover, consistent with this sparing approach urged by the courts with respect to motions to strike, those "pleadings" that may be subject to a motion to strike are construed narrowly. Recognizing that briefs are, by their nature, argumentative and sometimes contentious filings, it is generally held that a brief–as opposed to other forms of pleadings– typically will not be considered a "pleading" which is properly the subject of a motion to strike. Hrubec v. National R.R. Passenger Corp., 829 F.Supp. 1502, 1506 (N.D.Ill.,1993), citing Anna Ready Mix, Inc. v. N.E. Pierson Const. Co., 747 F.Supp. 1299, 1303 (S.D.Ill.1990), and Board of Education v. Admiral Heating and Ventilation, Inc., 94 F.R.D. 300, 304 (N.D.Ill.1982).

In this case, none of Sears' averments meet the exacting standards prescribed by Rule 12(f) for striking pleadings. There simply is nothing immaterial, impertinent, or scandalous about these pleadings. Therefore, given that motions to strike are disfavored, Sears has not shown that he is entitled to strike these pleadings from the record. Moreover, the defect in this filing cited by Sears, the alleged delay in service of the motion, is more appropriately addressed through a motion for extension of time in which to respond to this motion. It does not, however, provide grounds to strike the motion entirely. Accordingly, the motion to strike will be denied.

## III. Order

For the foregoing reasons, IT IS ORDERED that the plaintiff's motion to strike (Doc. 92) is DENIED.

So ordered this 6th day of February 2019.

/s/ Martin C. Carlson
Martin C. Carlson
United States Magistrate Judge